UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:24-cv-20865-GAYLES

**MARWAN HABIB**,

    Petitioner,

v.

**MIAMI-DADE DISTRICT ATTORNEY**,

    Respondent.
_____/

**ORDER DENYING MOTION FOR RECONSIDERATION**

**THIS CAUSE** comes before the Court on Petitioner Marwan Habib's *pro se* "Motion of Rehearing of Writ of Habeas Corpus Reconsideration New Issues Raise," [ECF No. 8], liberally construed as a Motion for Reconsideration under Federal Rule of Civil Procedure 60(b). Petitioner seeks reconsideration of the dismissal of his 28 U.S.C. § 2241 petition as barred by *Younger v. Harris*, 401 U.S. 37 (1971). For the following reasons, the Motion is **DENIED**.

Federal Rule of Civil Procedure 60(b) provides for relief from final judgments or orders in limited circumstances. *Imperato v. Hartford Ins. Co.*, 803 F. App'x 229, 230 (11th Cir. 2020). "The grounds for granting a Rule 60(b) motion to vacate are (1) mistake or excusable neglect; (2) newly discovered evidence; (3) fraud or misconduct by an opposing party; (4) void judgment; (5) satisfied judgment; or (6) any other reason that justifies relief." *Jones v. S. Pan Servs.*, 450 F. App'x 860, 863 (11th Cir. 2012). However, "[a] motion to alter or amend a judgment cannot be used to relitigate old matters, raise arguments, or present evidence that could have been raised prior to the entry of judgment." *Id*. Rather, it "must demonstrate why the court should reconsider its prior decision and set forth facts or law of a strongly convincing nature to induce the court to

reverse its prior decision." *Socialist Workers Party v. Leahy*, 957 F. Supp. 1262, 1263 (S.D. Fla. 1997) (quotation omitted).

As the Court summarized in its Order Dismissing Habeas Petition, [ECF No. 3], Petitioner is a pretrial detainee who challenged his pending state criminal prosecution under 28 U.S.C. § 2241. This Court *sua sponte* dismissed the Petition, finding that Petitioner's claims were barred by the *Younger* abstention doctrine because (1) they involved ongoing state court proceedings; (2) those proceedings implicated the important state interest in prosecuting criminal offenses; and (3) Petitioner could raise his claims in state court. *Id*. at 3. This Court also found that none of the three exceptions to the *Younger* abstention doctrine applied because (1) Petitioner had not alleged that his prosecution was motivated by "bad faith"; (2) his allegations did not show "irreparable injury" as delineated by *Younger*; and (3) he had an "adequate alternative state forum" in which to raise his constitutional claims. *Id*. at 2, 4 (quoting *Younger*, 401 U.S. at 45, 53–54).

In his Motion for Reconsideration, Petitioner contends that he has "established [that] *Younger*'s three exceptions apply." [ECF No. 8 at 2]. First, he alleges that his prosecutor and trial judge "are motivated by bad faith and doing a political favor for the Governor Ron DeSantis." *Id*. But Petitioner offers no evidence to support this claim; and to satisfy *Younger*'s "bad faith" exception, he must present a "substantial allegation" showing "actual bad faith." *Hudson v. Hubbard*, 358 F. App'x 116, 118 (11th Cir. 2009) (quoting *Younger*, 401 U.S. at 48). Conclusory allegations of bad faith, absent any evidentiary support, do not suffice. *See Barnes v. Florida*, No. 22-11914-E, 2022 WL 17420304, at *1 (11th Cir. Sept. 28, 2022) (the petitioner's "vague and conclusory allegations did not show that his criminal prosecution was motivated by bad faith"); *Ballard v. Florida*, No. 1:22-CV-106-AW-GRJ, 2022 WL 4348482, at *2 (N.D. Fla. June 6, 2022) (finding the petitioner had not made a substantial allegation showing actual bad faith where he failed to provide evidentiary support for his claim that he was the victim of a bad faith prosecution);

*see also Chestnut v. Canady*, 853 F. App'x 580, 583 (11th Cir. 2021) ("[a] proceeding is initiated in bad faith if it is brought without a reasonable expectation of obtaining a valid conviction.").

Second, Petitioner contends that he has shown "irreparable injury" because he has been "injured by correction[s] officers more than 30 times" while in jail, which irreparably harms his career as a professional volleyball player. [ECF No. 8 at 2]. But physical injury is not the type of "irreparable injury" delineated by *Younger*. Rather, as this Court explained, Petitioner must show that the criminal statute under which he is being prosecuted is "flagrantly and patently violative of express constitutional prohibitions," or that "unusual circumstances exist that would call for equitable relief." *Butler v. Ala. Jud. Inquiry Comm'n*, 245 F.3d 1257, 1264 (11th Cir. 2001) (quoting *Younger*, 401 U.S. at 53–54). Claims of physical abuse by corrections officers are not cognizable in a § 2241 habeas petition and must be raised under 42 U.S.C. § 1983 because they challenge the *conditions* of confinement, not the validity of confinement. *See Nelson v. Campbell*, 541 U.S. 637, 643 (2004); *Vaz v. Skinner*, 634 F. App'x 778, 781 (11th Cir. 2015). Moreover, "release from imprisonment is not an available remedy for a conditions-of-confinement claim." *Vaz*, 634 F. App'x at 778. Thus, if Petitioner seeks to bring claims regarding physical abuse by corrections officers, he must file a § 1983 complaint.

Petitioner also claims that "[m]y criminal statute . . . is 'flagrantly and patently violative of express constitutional prohibitions.'" [ECF No. 8 at 2] (quoting *Butler*, 245 F.3d at 1264). But he offers no support for this conclusory assertion, and it is implausible because he is charged with burglary with assault and battery. *See* [ECF No. 3 at 3].

Finally, Petitioner still has not shown that he does not have an adequate alternative state forum in which to raise his claims. He appears to assert that he has raised his claims in state court, but the court has not considered his claims. [ECF No. 1 at 1]. To the extent Petitioner is alleging that the trial court has failed to rule or has unreasonably delayed in ruling on his claims, his remedy

is to seek a writ of mandamus from the district court of appeal, not to file a § 2241 petition. *See Deboles v. State*, 960 So. 2d 899, 900 (Fla. 5th DCA 2007) ("[m]andamus is appropriate to compel a trial court to rule on a motion or petition within a reasonable time"); *Andrews v. Emanuel Cnty.*, No. 6:16-CV-56, 2016 WL 4445258, at *3 (S.D. Ga. Aug. 19, 2016) (finding that a § 2241 petitioner had available state court remedies because he could "seek a writ of mandamus from the Georgia Supreme Court to compel the trial court judge to rule on his motions."). In sum, Petitioner has not cleared the *Younger* abstention hurdles, and he is not entitled to relief under Rule 60(b).

Accordingly, it is **ORDERED AND ADJUDGED** that Petitioner's Motion for Reconsideration, [ECF No. 8], is **DENIED**, and a certificate of appealability is **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 11th day of March, 2025.

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE

cc: **Marwan Habib**, *pro se*
    220120621
    Metro West Detention Center
    13850 NW 41 Street
    Miami, FL 33178